[No. 3444.]

Louis Halfin v. The State.

1. Occupation Tax — Evidence — Case Stated. — The trial in this case, which was for unlawfully pursuing an occupation taxed by law, without license, etc., was had on the 2d day of February, 1885. The State introduced in evidence the order of the commissioners' court, dated May, 1882, levying a tax for the year 1882, for pursuing the occupation of selling spirituous liquors

in quantities of one quart, and less than five gallons; and another order of similar import entered by the said court at its May term, 1883. The sale was alleged to have been made on January 15, 1883. The first of these orders was objected to upon the ground that it ceased to be operative after the close of the year 1882; and the last one was objected to upon the ground that it could not retroact, and could not acquire vital force until subsequent to its enactment, and, consequently, was not in force at the time of the alleged offense. *Held,* that the first order was operative until May, 1883, being such an order as would retain its operative force until changed by the commissioners' court.

2. SAME.— As against the competency of the order of 1882, the defense also urged that the entry on the minutes of the court that "a full quorum of the court were present" imported on its face that all of the members of the said commissioners' court were not present, and that, therefore, the levy was illegal, in view of the provisions of article 1517 of the Revised Statutes, requiring the contemporaneous presence of all the commissioners when any county tax is levied. *Held,* 1. Not only is the burden of showing the presence of all the commissioners not upon the State, but their contemporaneous presence is presumed, in the absence of a showing to the contrary. 2. That the entry in the minutes was sufficient to show the presence of all the commissioners.

3. SAME — CHARGE OF THE COURT.— The *pursuing of the occupation* of selling intoxicating liquors in quantities of one quart and less than five gallons, without having obtained license therefor, and without having paid the tax thereon, is the offense of which this appellant was convicted. The pursuing of such an *occupation* is not made manifest by a single sale, and the trial court erred in submitting to the jury a special charge authorizing conviction upon such proof.

APPEAL from the County Court of Caldwell. Tried below before the Hon. Leo Rogan, County Judge.

The conviction in this case was for following the occupation of selling spirituous liquors in quantities of one quart and less than five gallons, without having first obtained a license, and paid the necessary tax. A fine of $300 was the penalty imposed by the jury.

J. S. Medaris was the first witness for the State. He testified that, on or about the 15th day of January, 1883, he went into the liquor establishment of the defendant and proposed to buy a half gallon of whisky. Defendant replied that he could not sell whisky by the half gallon, as he did not have the necessary license — that he could sell whisky by the pint. Witness took his half gallon jug into the defendant's place of business, and left it for the whisky to be placed in it. When witness started home on that day, he called by the defendant's establishment and got his jug of whisky. It appeared to be very nearly full, and would hold a half gallon. Wit-

ness did not know exactly how much whisky was in the jug, as he did not see it measured.

Cross-examined, the witness said that he had never paid the defendant for that whisky. Witness did not ask defendant the price of the whisky. About six weeks after this transaction the defendant told the witness that he would make no charge for the whisky. Witness did not remember who was in the house besides defendant and himself. He may have seen Jim Hudspeth there. Defendant at no time presented witness with a bill for this whisky.

The State then introduced in evidence the two orders of the commissioners' court of Caldwell county, of date May, 1882, and May, 1883, levying one-half the State tax for pursuing the occupation of selling spirituous liquors in quantities of one quart and less than five gallons.

Defendant first introduced the order of the commissioners' court of Caldwell county at its May term, 1882, approving the per diem pay of four commissioners.

Jim Hudspeth testified, for the defense, that he was in defendant's house when Medaris went there to buy a half gallon of whisky. Defendant told witness to measure one and three-fourths pints into the jug, and witness did so.

The motion for new trial raised the questions discussed in the opinion.

*Stringfellow & McNeal* and *J. F. Cahill*, for the appellant.

*J. H. Burts*, Assistant Attorney-General, for the State.

Hurt, Judge. On the 2d day of February, 1885, appellant was convicted for following the occupation of selling spirituous, vinous and malt liquors in quantities of one quart and less than five gallons, without first obtaining a license therefor, said occupation being then and there taxed by law, etc.

Upon the trial the county attorney introduced in evidence the order in the commissioners' court of Caldwell county levying one-half of the State occupation tax for following the occupation of selling spirituous and malt liquors in quantities of one quart and less than five gallons. This order was made in May, 1882, and for the year 1882. At the May term, 1883, a similar order was made. The indictment charges and the proof shows that the sale of the whisky occurred on the 15th day of January, 1883.

Appellant objected to the introduction in evidence of either of these orders. To the first his objection was that the order for the

year 1882 expired and ceased to operate upon the expiration of that year; and to the second order his objection was that it did not retroact and was not in force until after its enactment, and hence there was no action or order of the commissioners assessing the tax for this occupation at the time of the sale of the liquor.

We are of the opinion that the order of May, A. D. 1882, was in force until May, A. D. 1883, unless sooner changed by the court.

Appellant also objected to these orders because they were not made by a full bench, as is required by article 1517, Revised Statutes, which article requires all of the members of the court to be present when any county tax is levied. When the county tax for 1882 was levied the minutes of the court stated that "a full quorum of the court were present." Now it is urged by appellant that this excerpt from the minutes shows that all of the members of the court were not present, and hence the levy was illegal.

We are not to be understood as holding that the burden was upon the State to show that all the members were present. This, nothing to the contrary appearing, we think would be presumed.

Does it appear from the minutes of the court that all of the members of the court were not present when the tax was levied? A quorum of the commissioners' court is constituted by three members, including the county judge, for the transaction of all business except that of levying county taxes. (Rev. Stats., article 1511.) A full bench only can levy a county tax. But do the words "a full quorum" mean that a less number than a full bench were present? They certainly do not. These words may have been employed by the clerk for the very purpose of showing that all of the members of the court were present.

The court below in the general charge instructed the jury in effect that to convict they must believe from the evidence that defendant was, at the time alleged in the indictment, engaged in the occupation *of selling the liquors, etc., in quantities of one quart and less than five gallons.* At the request of the county attorney the jury were instructed in substance that if defendant *was engaged in the business of selling spirituous liquors, etc.,* omitting the quantity sold, they should convict. Of course this charge did not authorize, nor was it intended to authorize, the jury to convict without proof that defendant sold the whisky in quantities of one quart and less than five gallons.

The objection to the charge given at the request of the county attorney is that it authorizes a conviction upon proof that the defendant was engaged in the occupation of selling whisky in any

quantities, whereas the true rule is that defendant must be engaged in the occupation of selling liquors in quantities of one quart and less than five gallons. This must be his *occupation*, and being in the pursuit of this occupation without license, or without having paid the tax, he is guilty of violation of the Code. And unless this be his occupation a single sale of liquor will not constitute the offense.

This special requested charge was error, for which the judgment is reversed and the case remanded.

*Reversed and remanded.*

[Opinion delivered June 10, 1885.]